# Pennsylvania Railroad Co., Plff. in Err., *v.* Thomas R. Wilson.

A declaration in an action on the case claimed damages for failure to safely carry and deliver certain perishable goods, in a reasonable time, according to promise, whereby they were wholly spoiled and lost. The plea alleged a condition in the bill of lading that the carrier should not be liable for damages to perishable property occasioned by delay of any kind; and that the goods were carried and ready for delivery in a reasonable time, but that the damage occurred by reason of their perishable nature. The replication denied that the goods were ready for delivery in a reasonable time, or that the damages were occasioned by reason of the perishable nature of the goods, and alleged that the negligence of the defendant caused the loss. A demurrer was filed by the defendant. *Held,* that judgment should be entered for the plaintiff on the pleadings.

(Decided April 19, 1886.)

Error to Common Pleas, No. 4, of Philadelphia County to review a judgment for plaintiff upon demurrer to replication. Affirmed.

The plaintiff below brought an action of trespass on the case against the defendant, a common carrier, for damages for the loss of certain meat delivered at Chicago for transportation to Philadelphia. The *narr.* alleged that "the defendant undertook and then and there faithfully promised and engaged with the

said plaintiff to take care of the said meat, goods, and chattels, and safely and securely to carry and convey the same to Philadelphia aforesaid and to deliver the same for the said plaintiff in a reasonable time then next following; . . . yet the said defendant, although a reasonable time hath long since elapsed, did not nor would, within such reasonable time as aforesaid, or at any time afterwards, safely and securely carry and convey the said meat, goods, and chattels to Philadelphia aforesaid, nor there, to wit, at Philadelphia aforesaid, deliver the same for the said plaintiff."

The plea to this *narr.* alleged that the goods were received for transportation upon the terms and conditions specified in their receipt and bill of lading, which were that the defendant should not be liable for damages to perishable property, occasioned by delays of any kind or by changes of weather. "And the said defendant avers that said goods, though carried and ready for delivery in a reasonable and proper time, by reason of the perishable nature thereof, sustained unavoidable damage, which is the damage averred in the said declaration."

The replication averred that "it is not true that the said goods so as aforesaid delivered to and received by the defendant were ready for delivery to the said plaintiff in a reasonable and proper time as by the said plea is set forth, but, on the contrary thereof, the said defendant made default and was negligent therein; and by reason of such default and negligence as hereinbefore averred in the said *narr.* filed, and not by reason of the perishable nature of said goods, were the damages sustained by the said plaintiff which in the said *narr.* are set forth and claimed."

The defendant demurred and assigned for cause "that said replication does not purport to answer the limitation of liability contained in the bill of lading as set forth in said plea, that it should not be liable for damages occasioned by delay of any kind."

The court entered judgment for the plaintiff below. The defendant took this writ and assigned for error the action of the court in entering judgment for the plaintiff on the demurrer.

*Gavin W. Hart* and *David W. Sellers,* for plaintiff in error. —The replication avoids wholly the limitation of liability in the contract of shipment. Though there was an exclusion of

liability for damages occasioned by delay, and though the goods were spoiled by nondelivery, as alleged, within a reasonable time, yet the pleadings assume that a cause of action exists precisely as though there were no limitation. The negligence in the case is wholly of delay in delivery. Such a stipulation is reasonable and binding. Farnham v. Camden & A. R. Co. 55 Pa. 59; Sherman v. Pennsylvania R. Co. 8 W. N.. C. 269.

*Aaron Thompson,* for defendant in error.—On a demurrer everything well and sufficiently pleaded or returned is admitted. Com. *ex rel.* Armstrong v. Allegheny County, 37 Pa. 277.

The rule, however, is that no facts which can be given in evidence under the general issue can be specially pleaded. Strawn v. Park, 1 Phila. 178.

On a demurrer the court will consider the whole record, and give judgment for the party who on the whole appears entitled to it. Murphy v. Richards, 5 Watts & S. 279.

Thus, on a demurrer to a replication, if the court think the replication bad, but perceive a substantial fault in the plea, it will give judgment, not for the defendant, but for the plaintiff, provided the declaration is good. Id. 5 Watts & S. 280.

The doctrine is firmly settled that a common carrier cannot limit his liability so as to cover his own or his servant's negligence. 30 Pa. 242; 51 Pa. 315; 57 Pa. 335; National Line S. S. Co. v. Smart, 107 Pa. 492.

This principle is affirmed in the two cases cited by the counsel for the plaintiff in error.

PER CURIAM:

There is no error in entering judgment in favor of the plaintiff below, on the demurrer. The plea did not contain a sufficient answer to the fact averred in the *narr.* The complaint was that the company did not safely and securely carry and convey the goods and deliver the same. The plea does not distinctly deny this averment, but attempts to construe the declaration as alleging another and different claim.

Judgment affirmed.